**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN LEE SHERWOOD, | No. 20-55636 |
| Petitioner-Appellant, | D.C. No. 5:11-cv-01728-CJC-PLA |
| v. | |
| GEORGE A. NEOTTI, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted October 7, 2021
Pasadena, California

Before: GRABER and CHRISTEN, Circuit Judges, and ZOUHARY,** District Judge.

Robin Sherwood is serving a life sentence after pleading guilty mid-trial to an Indictment charging him with special-circumstance murder, attempted robbery, and burglary. He filed a federal habeas Petition under 28 U.S.C. § 2254, asserting his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

trial counsel was ineffective for failing to investigate his mental competency. The district court denied his Petition, but a Ninth Circuit panel reversed, finding Sherwood's counsel was constitutionally deficient for failing to move for a competency hearing at the time of the guilty plea. *Sherwood v. Sherman*, 734 F. App'x 471, 473–74 (9th Cir. 2018).

The panel remanded with instructions to "determine whether there are either disputed issues of fact or issues requiring further factual development, such that an evidentiary hearing would be necessary." *Id.* at 475. After holding an evidentiary hearing, which included expert testimony, the district court found there was no reasonable likelihood Sherwood would have been found incompetent. Therefore, Sherwood was not prejudiced by trial counsel's failure to investigate the possibility of incompetence. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

The district court dismissed the Petition and granted a Certificate of Appealability on the question whether the district court "was correct in its denial of [Sherwood]'s claim of ineffective assistance of counsel as to [his] competency to plead guilty." Reviewing the denial of Sherwood's Petition de novo, and the district court factual findings for clear error, we affirm. *See Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020).

Sherwood argues the evidence presented on remand demonstrates that his "mental illness, which includes psychotic symptoms, affected his mental state and

2

perceptions, and impaired his ability to examine and interpret reality correctly." And because of this impaired state, he was unable to fully understand the proceedings or "make a reasoned choice among the legal alternatives presented to him." Sherwood's primary evidence is the opinion of psychologist Dr. Nathan Lavid, who opined that it was reasonably likely Sherwood would have been deemed incompetent at the time of his plea. However, Lavid's opinion rests mainly on Sherwood's prison medical file, which contained no information for the fifteen months preceding the guilty plea. More importantly, the district court noted that "Lavid's opinion of incompetence is at odds with the [direct] evidence of [Sherwood's] statements and notes [during trial] showing he was able to assist his counsel and understand his legal situation." We agree.

Contrary to Lavid's opinion, psychiatrist Dr. Alan Abrams concluded that Sherwood's handwritten trial notes to his attorney demonstrate he understood his case and the circumstances of his guilty plea. Sherwood's trial counsel, Michael Belter, also testified that Sherwood had "above average" comprehension of his case, participated in crafting his defense, and eventually pled guilty because he was "racked with guilt." Belter's testimony is corroborated by the transcript of the change of plea, Sherwood's post-plea letters to the trial court stating he "could no longer put the victim['s] family through the nightmares inflicted," and by Sherwood's statement of remorse at sentencing. In all, there is simply "no

3

contemporaneous evidence that [Sherwood] lacked the capacity to understand his options and to make a rational decision to accept responsibility for what he did." *Deere v. Cullen*, 718 F.3d 1124, 1126 (9th Cir. 2013).

Finally, "[t]he question . . . is not whether mental illness substantially affects a *decision*, but whether a mental disease, disorder or defect substantially affects [a defendant's] *capacity* to appreciate his options and make a rational choice among them." *Dennis v. Budge*, 378 F.3d 880, 890 (9th Cir. 2004). While Sherwood indeed had some mental-health issues, the record clearly reflects that, at the time of his trial and guilty plea, he had the "capacity to make a rational choice." *Id.* Giving appropriate deference to the district court's findings of fact, Sherwood fails to demonstrate "a reasonable probability that he would have been found incompetent to plead guilty." *Deere*, 718 F.3d at 1145.

**AFFIRMED.**